UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TRACY E. COLES,           )  | |
|                           )  | |
|     Plaintiff,            )  | |
|                           )  | |
|     v.                    )  | CAUSE NO. 1:10-CV-321 |
|                           )  | |
| COMMISSIONER OF SOCIAL SECURITY,  ) | |
|                           )  | |
|     Defendant.            )  | |

### OPINION AND ORDER

On August 27, 2013, *pro se* Plaintiff Tracy Coles filed a "motion for reconsideration" (Docket # 39), asking the Court to reconsider its November 1, 2011, Opinion and Order affirming the decision of the Commissioner of Social Security denying his application for disability benefits (Docket # 37). Coles cites as the basis for his request (and attaches) a letter penned by his primary physician, Dr. Tariq Sami, on August 23, 2013. The letter, consisting of just three lines, states that Coles has been under Dr. Sami's care "for many years," has multiple medical and psychiatric conditions, and "is unemployable." (Mot. for Recons. Attach.)

"The Federal Rules of Civil Procedure do not specifically authorize the filing of motions to reconsider." *Coy Chiropractic Health Ctr., Inc. v. AIG Claim Servs., Inc.*, No. 05-CV-221, 2005 WL 2806179, at *1 (S.D. Ill. Oct. 26, 2005). "Such motions are filed routinely, however, and are construed as Rule 59(e) motions to alter/amend *or* Rule 60(b) motions for relief from judgment/order." *Id.* "If the motion to reconsider was filed within ten days of entry of the challenged judgment or order, then Rule 59(e) applies. If the motion to reconsider was filed more than ten days after entry of the challenged judgment or order, Rule 60(b) applies." *Id.* (*citing Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997); *Russell v. Delco*

*Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 750 (7th Cir. 1995); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)).

Here, Coles filed his motion to reconsider more than more than a year and a half after the Court entered its Opinion and Order affirming the Commissioner's decision.  Therefore, the motion is not only untimely under Rule 59(e), but it also comes too late under Rule 60(b).  A Rule 60(b) motion must be made "within a reasonable time" and with respect to newly discovered evidence, "no more than a year after the entry of the judgment or order . . . ." FED. R. CIV. P. 60(c).

And regardless of its untimeliness, a motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).  Dr. Sami states in his letter that he has treated Coles "for many years" (Mot. to Recons. Attach.), but Coles fails to explain why he could not "with reasonable diligence" have obtained such a letter during the administrative proceedings, FED. R. CIV. P. 60(b).

Furthermore, Dr. Sami's letter addresses Coles's condition as of August 2013, making no attempt to opine about his health prior to February 10, 2010—the date of the Commissioner's final decision. (Docket # 37 at 9.)  But "[m]edical evidence postdating the ALJ's decision, unless it speaks to the patient's condition at or before the time of the administrative hearing, could not have affected the ALJ's decision" and therefore is not material. *Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008) (citations omitted).

For all of these reasons, Coles's motion to reconsider (Docket # 39) is DENIED.  If Coles has developed additional impairments, or his impairments have worsened, since filing his

application for disability benefits, he may submit a new application to the Social Security Administration. *Getch*, 539 F.3d at 484; *accord Kapusta v. Sullivan*, 900 F.2d 94, 97 (7th Cir. 1990).

    SO ORDERED.

    Enter for this 29th day of August, 2013.

                                             /S/ Roger B. Cosbey
                                             Roger B. Cosbey,
                                             United States Magistrate Judge